UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JEREMY CLAIRDAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO: 3:17-cv-00186 |
| | ) |
| TOYOTA MOTOR MANUFACTURING | ) |
| INDIANA, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Jeremy Clairday ("Clairday"), by counsel, against Defendant, Toyota Motor Manufacturing Indiana, ("Defendant"), for its discriminatory actions against him based on his disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et. seq. ("ADA"), and for its additional retaliatory actions towards him for requesting a reasonable accommodation pursuant to his disability and for engaging in protected activity complaints in further violation of the ADA. Clairday also alleges Defendant interfered and retaliated against his exercise of rights under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et. seq. ("FMLA").

**II. PARTIES**

2. At all times relevant to this action, Clairday resided within the Southern District of Indiana.

3. The Defendant is a corporation that conducts business in the Southern District of Indiana.

## III. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331, 29 U.S.C. §2617(a)(2) and 42 U.S.C. § 12117.

5. Defendant is an "employer" as that term is defined by 29 U.S.C. § 2611(4) and 42 U.S.C. § 1211(5)(A).

6. Clairday, at all times relevant, has been an "eligible employee" as that term is defined by 29 U.S.C. § 2611(2).

7. Clairday is an "employee" as that term is defined by 42 U.S.C. § 12111(4).

8. Clairday is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2)(c). At all relevant times, Defendant had knowledge of Clairday's disability and/or it regarded Clairday as being disabled and/or Clairday has a record of being disabled.

9. Clairday exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission. Clairday received his Notice of Suit Rights for the Charge of Discrimination and timely files this action.

10. All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this Court is proper.

## IV. FACTUAL ALLEGATIONS

11. Clairday was initially hired by Defendant on or about October of 2012 and has held continuous employment with the Defendant since that date.

12. During all relevant time periods during his employment, Clairday believes he has met or exceeded the Defendant's legitimate performance expectations.

13. Clairday suffers from a recognized disability which affects major life activities such as standing, walking and ambulating.

14. Defendant has been previously placed on notice of Clairday's disability as Clairday has applied for and been approved for leave under the Family and Medical Leave Act ("FMLA") since 2015 due to his disability.

15. Since alerting Defendant of his disability and need for relief under the FMLA, Clairday has been continually harassed and discriminated against due to his disability and exercise of his FMLA rights by co-workers and members of management including his former direct supervisor, Team Leader Todd Allen ("Allen").

16. Clairday typically has to take three (3) to five (5) FMLA days per month when his disability flares up or if he needs to attend scheduled physician appointments for treatment.

17. Clairday's co-workers and Allen himself would regularly make discriminatory comments to Clairday upon his return from FMLA. Allen would allow Clairday's co-workers to call him names such as "Jerermy Anklestein" and "Sprankles."

18. Clairday engaged in protected activity complaints in 2016 concerning his co-workers' and Allen's treatment and comments towards him, but received no assistance.

19. In mid to late 2016, Clairday requested a reasonable accommodation for his disability that he be provided extra "walk time" to get from one area of the Defendant's facility to the other during a group walk due to his disability.

20. Clairday states his accommodation request was initially denied and he was refused extra "walk time" by Teri Duncan ("Duncan"), a Human Resources employee for Defendant.

21.   Duncan then asked Clairday multiple questions about his disability and reasons for his past use of FMLA in front of other co-workers which led Clairday to directly complain to Duncan that he was being discriminated against due to his disability and retaliated against due to his accommodation request and FMLA use.  Duncan left and then returned later and informed Clairday that his accommodation request for extra "walk time" was granted for that day.

22.   On or about August 2016, Clairday requested a reasonable accommodation for transfer to another position of employment with Defendant due to his disability that would require less overall walking and which as a result would also remove him from Allen's supervision.

23.   Clairday was eventually transferred out of Allen's supervision, but was placed in a new position which required even more walking per day than his previous position.

24.   Clairday believes he was transferred to the new position not as an accommodation for his disability, but as punishment and in retaliation for his past FMLA use, disability accommodations requested and for his protected activity complaints about discriminatory treatment due to his disability.

25.   Clairday has suffered damages and continues to suffer damages as a result of Defendant's unlawful conduct and unlawful actions taken against his employment.

## COUNT I—ADA-DISABILTY DISCRIMINATION

26.   Clairday hereby incorporates paragraphs one (1) through twenty-five (25) of his Complaint as if the same were set forth at length herein.

27.   Defendant violated Clairday's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12112 et. seq. by failing to engage in the interactive process, failing to provide a reasonable accommodation upon request and for allowing Clairday to be continually

subjected to discriminatory comments concerning his disability and by further discriminating against him in his employment based upon his disability.

28. Defendant's actions were intentional, willful, and in reckless disregard of Clairday's rights as protected by the ADA.

29. Clairday has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT II—ADA-RETALIATION

30. Clairday hereby incorporates paragraphs one (1) through twenty-nine (29) of his Complaint as if the same were set forth at length herein.

31. Clairday requested a reasonable accommodation pursuant to his disability and also engaged in protected activities when he complained about discriminatory treatment he was being subjected to during his employment due to his disability.

32. The Defendant retaliated against Clairday for his accommodation request and complaints about discriminatory treatment by transferring his position of employment to Clairday's ultimate detriment.

33. Defendant's actions were willful, intentional and done with reckless disregard for Clairday's civil rights in violation of the ADA.

34. Clairday has suffered damages as a result of Defendant's unlawful actions.

## COUNT III—FMLA INTERFERENCE

35. Clairday hereby incorporates paragraphs one (1) through thirty-four (34) of his Complaint as if the same were set forth at length herein.

36. Defendant unlawfully interfered with the exercise of Clairday's rights under the FMLA.

37. Defendant's actions were intentional, willful, and in reckless disregard of Clairday's rights as protected by the FMLA.

38. Clairday suffered damages as a result of Defendant's unlawful actions.

### COUNT IV—FMLA RETALIATION

39. Clairday hereby incorporates paragraphs one (1) through thirty-eight (38) of his Complaint as if the same were set forth at length herein.

40. Defendant unlawfully retaliated against Clairday for exercising his rights under the FMLA.

41. Defendant's actions were intentional, willful, and in reckless disregard of Clairday's rights as protected by the FMLA.

42. Clairday suffered damages as a result of Defendant's unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1. Permanently stop from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her disability or exercise of FMLA rights;

2. Reinstate Plaintiff to the position, salary and seniority level he would have enjoyed but for the Defendant's unlawful employment actions, or award him front pay in lieu thereof;

3. Pay Plaintiff's lost wages and benefits;

4. Pay to Plaintiff compensatory, consequential and punitive damages;

5. Pay to Plaintiff pre- and post-judgment interest;

6. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

7. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

/s/Benjamin R. Aylsworth
Benjamin R. Aylsworth, Attorney No. 29817-87
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: baylsworth@bdlegal.com

*Attorneys for Plaintiff, Jeremy Clairday*

## DEMAND FOR JURY TRIAL

The Plaintiff, Jeremy Clairday, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s/Benjamin R. Aylsworth
Benjamin R. Aylsworth, Attorney No. 29817-87
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: baylsworth@bdlegal.com

*Attorneys for Plaintiff, Jeremy Clairday*